**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HARLEY-DAVIDSON MOTOR COMPANY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD PROCHOV; MICHELE PROCHOV; and "JOHN DOES" 1-5;<br><br>Defendants. | CASE NO. 1:26-cv-4766<br><br>~~[PROPOSED]~~ **PERMANENT INJUNCTION ON CONSENT AGAINST DEFENDANTS** |

Plaintiff Harley-Davidson Motor Company, Inc. (hereinafter collectively referred to as "Plaintiff") on the one hand, and Richard Prochov and Michele Prochov (hereinafter collectively referred to as "Defendants") having stipulated to entry of this Permanent Injunction On Consent ("Permanent Injunction") and good cause appearing therefore:

The Court, having considered all pleadings and other documents filed in this action, hereby directs the entry of this Permanent Injunction against Defendants. Accordingly, the Court does hereby **ORDER, ADJUDGE, AND DECREE** as follows:

1. This Court has jurisdiction over the subject matter of this action.

2. Venue is proper in the Southern District of New York.

3. Defendants are subject to the jurisdiction of this Court pursuant to and in accordance with the laws of the State of New York, the United States Constitution, and Rule 4 of the Federal Rules of Civil Procedure.

4. Plaintiff is the owners of various trademarks registered with the United States Patent and Trademark Office ("USPTO"). (hereinafter collectively referred to as the "Plaintiff's Registered Trademarks").

5. Plaintiff, or its authorized licensees, is responsible for assembling, finishing, marketing, and selling in interstate commerce high-quality merchandise.

6. Plaintiff has used the Plaintiff's Registered Trademarks in the United States and in interstate commerce for many years.

7. Defendants agree that the jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction, implementation, or modification of this Permanent Injunction, the enforcement and the punishment of any violations thereof.

**IT IS ORDERED, ADJUDGED AND DECREED:**

8. The Permanent Injunction shall be binding upon and shall inure to the benefit of the parties and their respective heirs, successors and assigns, and acquiring companies.

9. Accordingly, the Court hereby permanently enjoins and restrains Defendants and their employees, agents, companies, servants, successors, and assigns, and all those acting in concert or participation therewith, from

a) using any counterfeit or infringement of the Plaintiff's Registered Trademarks to identify any goods not authorized by Plaintiff;

b) counterfeiting or infringing the Plaintiff's Registered Trademarks by importing, manufacturing, distributing, selling, offering for sale, advertising, promoting, displaying any products bearing any simulation, reproduction, counterfeit, or copy of the Plaintiff Registered Trademarks;

c) using any simulation, reproduction, counterfeit, or copy of the Plaintiff's Registered Trademarks in connection with the importation, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Plaintiff, or to any goods sold, manufactured, sponsored or approved by, or connected with Plaintiff;

d) making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any services provided, products manufactured, distributed, sold or offered for sale, or rented by Defendants are in any way associated or connected with Plaintiff;

e) engaging in any other conduct constituting an infringement of the Plaintiff Registered Trademarks, of Plaintiff' rights in, or to use or to exploit, said trademark, or constituting any weakening of Plaintiff' names, reputations, and goodwill;

f) infringing Plaintiff' intellectual property rights in any way; and

g) importing, manufacturing, distributing, selling, offering for sale, advertising, promoting, displaying any products that bear Plaintiff's Registered Trademarks using illegitimate, unauthorized or counterfeit merchandise.

10. In the event that Defendants are ever found by a court of competent jurisdiction to be in violation of this Permanent Injunction the parties agree that (a) Plaintiff will be entitled to all normal relief which it may request from the Court; and (b) Plaintiff will be entitled to recover any and all future and additional damages, fees, and costs incurred by Plaintiff due to Defendants' violation of this Permanent Injunction, and judgment shall be entered against Defendants in that full amount.

11. That any act by Defendant in violation of the terms or conditions of this Permanent Injunction may be considered and prosecuted as contempt of this Court.

12. That jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction, implementation, or modification of this Permanent Injunction, the enforcement thereof, and the punishment of any violations thereof.

13. This Permanent Injunction shall be deemed served upon the Defendants at the time of the execution by the Court.

Case 1:26-cv-04766-JSR Document 13 Filed 07/22/26 Page 4 of 4

14. This Permanent Injunction is the final order in the above-captioned action and resolves all pending claims against Defendants.

15. This Court reserves and retains jurisdiction of the subject matter of this cause and of the parties hereto for the purpose of enforcing the terms of this Permanent Injunction.

| | |
|---|---|
| Dated: 7/22/2026 | Harley-Davidson Motor Company, Inc.<br>[signature]<br>By: Adraea Brown<br>Its: Assistant General Counsel |
| Dated: 7/22/2026 | Richard Prochov<br>[signature] |
| Dated: 7/22/2026 | Michele Prochov<br>[signature] |

**SO ORDERED:**

Dated: 7/24, 2026

[signature]
United States District Court Judge